■ McNAMARA REALTY, INC., Respondent, v. JOHN PONZILLO, Appellant. — Defendant appeals from a judgment of the County Court of the County of Schenectady based upon a jury verdict of $2,000, reduced by the court to $1,850. Plaintiff sought to recover real estate broker's commissions upon a complaint which alleged an express contract between the plaintiff and the defendant whereby the defendant agreed to pay a 10% commission for the sale of business property owned by the defendant for the sum of $54,500, and demanded judgment for $5,450. The complaint as amended alleged a consummation of such a sale on or about July 5, 1961. There is no evidence whatever in the record to sustain the allegations of the complaint. There is no evidence that the defendant at any time listed any property with the plaintiff for sale, or that he agreed at any time to pay plaintiff a commission. Defendant owned a restaurant business upon leased property. He was approached by a salesman employed by plaintiff who suggested that he had a prospective purchaser for defendant's property. Defendant finally put a price of $18,500 upon his

restaurant business and lease. No separate sale of defendant's business was ever consummated. In April of 1960 one Caffarello offered defendant $18,500 for his leasehold interest, conditioned upon Caffarello's successful attempt to purchase the real estate upon which the business was located. Caffarello was unable to accomplish this. In June, 1960, defendant purchased the real estate upon which his business was located for $36,000, and entered into an agreement with Caffarello to sell both the real estate and his lease to Caffarello, but such a sale was never consummated because Caffarello refused to complete the deal. Finally defendant negotiated directly with Texaco, Inc., for the sale of the real estate and his lease to Texaco for the sum of $54,000, which sale was completed in April, 1961. There is no evidence that plaintiff through its agents or employees had anything to do with this sale or that Texaco, Inc., was an assignee of Caffarello. Plaintiff does not even claim any express contract with the defendant and concedes that Caffarello was its principal. The jury brought in a verdict of $2,000. All parties concede that there is no possible basis for a verdict in that amount. The Trial Judge reduced the verdict to $1,850, apparently based upon a commission for the sale of the business and lease, and a judgment was entered thereon. It is argued that defendant's counsel consented to this. The record contains no clear and unequivocal consent. For obvious reasons a defendant's counsel would not object to a reduction in the amount of a verdict against his client, but that does not mean a concession that there is any legal basis for the verdict as reduced. In our view of this record it is entirely barren of any evidence of a contractual obligation, either express or implied, on the part of the defendant to pay a commission to plaintiff. Moreover, the record is barren of any evidence that the plaintiff brought about or even participated in the negotiations for the sale which was finally consummated. The motion to dismiss the complaint should have been granted. Judgment reversed on the law and the facts and the complaint dismissed, with costs to appellant. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.